# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISION

DEAN KIM,

    Plaintiff,

v.

HANLEES SEVEN, INC.,

    Defendant.

Case No. 18-cv-00472-JSW (RMI)

**ORDER**

Re: Dkt. No. 75

Currently pending before the court is a discovery dispute presented by way of a Joint Letter Brief (dkt. 75). Having conducted a hearing on May 14, 2019, and having considered the arguments and evidence submitted, IT IS HEREBY ORDERED:

1. By May 28, 2019, Defendant shall produce un-redacted versions of all documents that had previously been redacted. Defendant can continue to redact personal identifying information such as social security numbers, home addresses, and personal contact information.

2. By May 28, 2019, Defendant shall produce all communications regarding Plaintiff, including emails. To the extent Defendant cannot locate any further responsive communications regarding Plaintiff, Defendant shall submit a sworn declaration detailing its search efforts by May 28, 2019.

3. By May 28, 2019, Defendant shall produce all documents regarding Plaintiff's employment, including but not limited to all materials in Plaintiff's employee file. To the extent Defendant cannot locate any further responsive documents regarding Plaintiff's employment, Defendant shall submit a sworn declaration detailing its search efforts by

1     May 28, 2019.

4. By June 13, 2019, Defendant shall produce all documents regarding Plaintiff's commission calculations for all cars Plaintiff sold while employed at Defendant.

5. Plaintiff also "requests that Defendant produce an inventory of all commission calculations and supporting documents related to all cars sold by Plaintiff from January 1, 2017 to April 30, 2017." *Joint Letter* (dkt. 75) at 3. Such an inventory does not exist and would need to be created by Defendant. Previously the District Judge ordered (dkt. 65 at 21-22) Defendant to provide Plaintiff all documents regarding Plaintiff's commission calculations. Defendant was instructed to list any documents that were not available. With regard to any previously produced document, Defendant was instructed to identify such documents by Bates numbers "so that Mr. Kim could readily find those [documents] in his discovery." *Id*. at 22. In response, Defendant filed an inventory of documents (dkt. 58), which went well beyond the District Judge's instructions and included not only Bates numbers, but tables and columns which categorized the sales, identified the dollar amounts, and specified which documents substantiated costs for which items. Defendant purportedly did so because Plaintiff was acting *pro se* and because such a list would clarify previous document production. But that inventory only related to the twenty car sales Plaintiff had presented to the court at the time of the hearing. While there is agreement among the parties that Defendant will now provide documents for all commission calculations for all of Plaintiff's car sales, Plaintiff requests that Defendant now create another inventory for the car sales documents not previously produced. The court finds that the need for such an inventory no longer exists. The District Judge's instruction regarding the creation of a list by Defendant was needed so that Plaintiff, who was acting *pro se*, could distinguish between the newly produced documents, the previously produced documents, and any documents identified as unavailable. This new document production simply requires Defendant to produce documents not previously given. To the extent there might be some overlap or duplication in the production, the court is confident counsel for Plaintiff will be able to sort it out. The court finds that compelling Defendant to create and produce a

second inventory would be unduly burdensome and unwarranted. Accordingly, Plaintiff's request for the creation and production of an inventory is DENIED.

**IT IS SO ORDERED.**

Dated: May 17, 2019

_____
ROBERT M. ILLMAN
United States Magistrate Judge